O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GEORGE ANTHONY CORRALES, Petitioner,

v.

G.J. JANDA, WARDEN, Respondent.

NO. CV 12-6323-ODW (MAN)

ORDER DISMISSING PETITION AS SECOND OR SUCCESSIVE AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner, a California state prisoner, filed a 28 U.S.C. § 2254 habeas petition on July 23, 2012 ("Petition"). The Petition is the second habeas corpus petition filed by Petitioner in this Court stemming from his 2000 state court conviction.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b).

## BACKGROUND

On September 4, 2003, Petitioner filed a Section 2254 habeas petition in this Court in Case No. CV 03-6309-ODW (MAN) (the "Prior Action"). The petition in the Prior Action challenged the same 2000 state court conviction at issue here. Petitioner raised six claims, which: challenged the sufficiency of the evidence to support his conviction; asserted that the trial court erred in failing to conduct an adequate inquiry into alleged jury misconduct and in dismissing a lone hold-out juror; asserted that the prosecutor committed misconduct during closing argument; and alleged that trial counsel provided ineffective assistance in several respects.[1] On May 14, 2007, Judgment was entered in the Prior Action, denying habeas relief on the merits and dismissing the action with prejudice. Petitioner appealed, and the Ninth Circuit granted a certificate of appealability with respect to the claim based on the dismissal of the lone hold-out juror (Case No. 07-55913). On May 13, 2009, the Ninth Circuit affirmed the Judgment in the Prior Action, and the mandate issued on June 4, 2009. Petitioner sought certiorari, and the United States Supreme Court denied his petition on October 5, 2009.

On October 22, 2009, Petitioner filed an application in the Ninth Circuit for leave to file a second or successive petition (Case No. 09-73367). The Ninth Circuit ordered briefing. On June 16, 2010, the Ninth Circuit denied Petitioner's application, finding that he had not

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of: this district's case files and records; and the dockets for the United States Court of Appeals for the Ninth Circuit, which are available through the PACER system.

made the prima facie showing required by 28 U.S.C. § 2244(b)(2). The mandate issued on October 18, 2010.

A review of the Ninth Circuit's dockets shows that, following the denial of relief in Case No. 09-73367, Petitioner did not again seek leave to file a second or successive petition with respect to his 2000 state court conviction.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of

the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

By the Prior Action, Petitioner sought Section 2254 relief based on the same state court conviction at issue here, and his habeas petition was resolved adversely to him on its merits. The instant Petition, thus, is successive. To pursue a Section 2254 habeas action attacking his 2000 conviction, Petitioner must persuade the Ninth Circuit that at least one of the predicates set forth in Section 2244(b)(2) exists for any claim he now wishes to raise. Based on the nature of the claims alleged in the instant Petition, it is difficult to see how Petitioner will be able to satisfy Section 2244(b)'s requirements.[2] In any event, this is a threshold decision for the Ninth Circuit, not this Court.

Critically, although the Ninth Circuit explicitly denied Petitioner leave to bring a second or successive Petition through its Order of June 16, 2010, he filed the instant Petition without obtaining the required leave from the circuit court. As Petitioner has not obtained permission to bring a second or successive petition, this Court lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

---

[2] It is equally difficult to see how the Petition could be found to be timely.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: July 25, 2012.

OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE